```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DAVID PUGA,
                                                    Civil Action No._____

                        Plaintiff,          ACTION UNDER 29 U.S.C.§ 216(b)

        -v.-
                                            COMPLAINT
KARIFAS AUTO REPAIR INC. and
KARIFA KEITA, Individually,

                        Defendants
-----------------------------------------------------------X
```

Plaintiff DAVID PUGA, by and through his attorneys, STILLMAN LEGAL PC., brings this Action on behalf of himself and other similarly situated employees of Defendants KARIFAS AUTO REPAIR INC. and KARIFA KEITA, Individually, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## **NATURE OF THE ACTION**

1. This Complaint seeks to recover, inter alia, unpaid minimum and overtime wage compensation for Plaintiff, a former employee of Defendant KARIFAS AUTO REPAIR INC. (hereinafter referred to as "KARIFAS AUTO REPAIR"), a New York Corporation with offices at 293 Lawrence Avenue Inwood, New York 11096 and its principal/officer/agent, Defendant KARIFA KEITA, where Plaintiff was employed primarily as a laborer.

2. At all times relevant hereto, Defendants were required, under relevant New

York State law, to pay and compensate Plaintiff at a minimum rate of the $15.00 per hour (the "minimum wage"), and to compensate Plaintiff with overtime pay at a one and one-half the regular rate for work in excess of forty (40) hours per work week; however, Defendants only compensated Plaintiff at the flat salary of $1200 per week no matter how many hours he worked.

3. At all times relevant to this Complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work without providing the minimum compensation or overtime compensation required by federal and state law and regulations.

4. Plaintiff also brings this action under the Wage Theft Prevention Act for Defendants' failure to provide written notice of wage rates in violation of said laws. Moreover, at all relevant times, Defendants failed to maintain accurate record keeping as required by the FLSA and the NYLL.

5. Accordingly, Plaintiff now brings this Action on behalf of himself for federal and state claims relating to unpaid minimum wages, unpaid overtime wages, failure to maintain records pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

6. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

7. Plaintiff further seeks certification of this action on behalf of himself and similarly situated employees pursuant to 29 U.S.C.§ 216(b).

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

9. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

10. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

11. Venue is proper in the Eastern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

12. Plaintiff DAVID PUGA ("PUGA") is and was at all times relevant hereto an individual residing in Lynbrook, Nassau County, New York.

13. Plaintiff PUGA was employed by KARIFAS AUTO REPAIR at its offices at 293 Lawrence Avenue Inwood, New York 11096 from approximately January 2016 until December 2022.

14. At all times relevant hereto, Plaintiff PUGA was a covered employee within the meaning of the FLSA and the NYLL.

15. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

**Defendants**

16. Defendant KARIFAS AUTO REPAIR is, upon information and belief, a duly organized New York Corporation with its principal place of business located at 293 Lawrence Avenue Inwood, New York 11096.

17. Upon information and belief, Defendant KARIFAS AUTO REPAIR is engaged in interstate commerce, in that it relies heavily on products that have been transported across state lines and generates annual gross revenues in excess of $500,000 per year, independent of excise taxes, for years 2016 through 2022, and were directly engaged in interstate commerce.

18. Upon information and belief, Defendant KARIFA KEITA is the President, Chief Executive Officer, manager, principal and/or agent of Defendant KARIFAS AUTO REPAIR

19. Upon information and belief, and at all times relevant to the claims herein, Defendant KARIFA KEITA possessed operational control over Defendant KARIFAS AUTO REPAIR by reason of his an ownership interest, and/or control of significant functions of Defendant Corporation; that Defendant KARIFA KEITA: (i) was known and referred to as the "Boss" by Plaintiff and the other similarly situated employees of Defendant KARIFAS AUTO REPAIR; (ii) determined the wages and compensation of the employees of Defendants, including Plaintiff; and (iii) established Plaintiff's and other employees' work schedules and work load; (iv) maintained employee records; (v) paid Plaintiff and the other employees their weekly wages; and (vi) possessed the authority to hire and fire employees.

20. Defendant KARIFA KEITA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

**COMMON FACTUAL ALLEGATIONS**

## Defendants Constitute Joint Employers

21. Defendants owned and operated KARIFAS AUTO REPAIR, a corporate entity principally engaged in automotive repairs. At all relevant times, Defendants KARIFAS AUTO REPAIR and KARIFA KEITA possessed operational control over the Defendant Corporation; possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

22. As part of their regular business practice, Defendants intentionally, willfully and repeatedly harmed Plaintiff PUGA and the other class member employees by engaging in a pattern and/or policy of violating the FLSA and NYLL. This pattern and/or policy includes, inter alia, the following:

   a. failing to pay employees the applicable minimum rate for worked performed for the first forty (40) hours per week;

   b. failing to pay employees the applicable overtime rate (one and one-half the rate of regular pay) for worked performed in excess of forty (40) hours per week

   c. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL; and

   d. failing to provide statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff and other similarly situated employees' relative lack of sophistication in wage and hour laws.

23. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff PUGA and the other class members.

24. Defendant KARIFAS AUTO REPAIR, under the direct supervision and authority of Defendant KARIFA KEITA, acted in the interest of the Defendants with

respect to its employees, the rate of and method employee compensation was paid, and shared joint control over their employees.

25. At relevant times, Defendants KARIFAS AUTO REPAIR and KARIFA KEITA possessed substantial control over Plaintiff PUGA and other similarly situated employees' working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

26. Defendants KARIFAS AUTO REPAIR and KARIFA KEITA jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

27. Defendants KARIFAS AUTO REPAIR and KARIFA KEITA constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

28. At all times relevant hereto, Defendants KARIFAS AUTO REPAIR and KARIFA KEITA were Plaintiff's employers within the meaning of the FLSA, NYLL and other application laws. Such Defendants had the authority and power to hire and fire Plaintiff, and other similarly situated employees, control the terms and conditions of their employment, including specific daily work assignments and hours, and to determine the rate and method of any compensation in exchange for Plaintiffs' services. Indeed, Defendants intimately supervised and controlled Plaintiff's work schedule -- assigning him to immediate tasks and assignments – and other conditions of his employment.

29. Defendants further controlled, supervised, guided and instructed what limited recordkeeping took place which Plaintiff contends is deficient pursuant to FLSA and NYLL requirements.

**Plaintiff DAVID PUGA**

30. From approximately January 2016 until December 2022, Plaintiff PUGA was employed without interruption by Defendants at their 293 Lawrence Avenue Inwood, New York 11096 facility.

31. From January 2016 through to December 2021, Plaintiff PUGA worked six days per week, Monday through Saturday, 8 A.M until 10:00 P.M. From December 2021 to December 2022, he worked five (5) days per week, Monday to Friday. His schedule was from 8 A.M until 8:00 P.M or 10:00 P.M.

32. Plaintiff PUGA was paid at a rate of $14.29 per hour, from approximately January 2016 until December 2021, and was never paid his lawful overtime pay despite working more than (84) eighty-four hours per week from approximately January 2016 until December 2021 and (65) sixty-five to (70) seventy hours per week from January 2022 through to December 2022; his weekly pay was $1200, $1000 check and $200 in cash.

33. Plaintiff PUGA did not work at his own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff PUGA did not come and go at his pleasure but rather was controlled by Defendants.

34. Plaintiff PUGA was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as her employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff PUGA work is properly characterized as menial physical labor.

35. Plaintiff PUGA regularly handled goods in interstate commerce and other items produced outside of the State of New York.

36. Plaintiff worked without appropriate minimum and/or overtime wages from the beginning and until the end of his employment with Defendants.

37. No notification, either in the form of posted notices, or other means, were ever given to Plaintiff PUGA regarding wages as required under the FLSA and NYLL.

38. Defendants did not provide Plaintiff PUGA with each payment of wages an accurate statement of wages, as required by NYLL 195(3).

39. Defendants never provided Plaintiff PUGA with written notice of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

## Defendants' General Employment Practices

40. As part of their regular business practices Defendants required Plaintiff PUGA to work in excess of forty (40) hours per week without paying Plaintiff the proper minimum and overtime wages as required by federal and state laws.

41. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the amount of hours he had worked.

42. Defendants failed to post the statutorily required wage and hour posters and did not provide Plaintiff PUGA with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, and (ii) minimum and overtime wages.

44. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

45. Throughout the relevant time period, Defendants paid Plaintiff PUGA wages without providing accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3).

46. Defendants failed to provide Plaintiff PUGA with <u>accurate</u> accompanying wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; the name of employer; address and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

## **FIRST CAUSE OF ACTION**
**(Violation of FLSA Minimum and Overtime Wage/ Recordkeeping Provisions)**

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48. At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 USC § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for his employment.

49. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

50. Defendants, in violation of the FLSA, failed to pay Plaintiff the applicable minimum wage, and overtime compensation at rates of one and one-half times the regular

rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

51. Defendants' failure to pay Plaintiff the applicable minimum wage and overtime wage was willful within the meaning of 29 U.S.C.§ 255(a).

52. Defendants failed to satisfy the FLSA's recordkeeping requirements.

53. Defendants acted willfully in their violations of the FLSA's requirements.

54. Plaintiff (and the FLSA class members) seeks damages for his unpaid lawful minimum and overtime wages, liquidated damages as provided by the FLSA for wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff the applicable minimum wages and overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57. Defendants' failure to pay Plaintiff the applicable minimum wage and overtime wage was willful within the meaning of N.Y.Lab.Law § 663.

58. Due to Defendants' willful violations of the NYLL, Plaintiff PUGA is entitled to recover from Defendants his unpaid minimum and overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

61. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and any overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

64. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF
**WHEREFORE**, Plaintiff DAVID PUGA, respectfully request that this Court enter

judgment against Defendants KARIFAS AUTO REPAIR INC. and KARIFA KEITA, as follows:

  a. Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

  b. Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

  c. Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

  d. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

  e. Declaring that Defendants have violated the recordkeeping requirements of the NYLL with respect to Plaintiff' compensation, hours, wages; and any deductions or credits taken against wages;

  f. Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages;

  g. Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

h. Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i. Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

j. All such other and further relief as the Court deems just and proper.

k. An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

l. An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

m. An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

n. An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

o. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
March 20, 2023

LINA STILLMAN, ESQ.

\_\_\_/s/ Lina Stillman_____
Lina Stillman, Esq.
Attorneys for Plaintiff
Stillman Legal, P.C.
42 Broadway, 12t Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com